Filed 2/10/22  P. v. Badillo CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B309152 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA298295) |
| v. | |
| EMILIO CARRILLO BADILLO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Los Angeles Superior Court, Steven D. Blades, Judge.  Affirmed.

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel Chang and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Emilio Carrillo Badillo (defendant) argues that the trial court erred in denying his petition for resentencing under Penal Code section 1170.95.[1]  There was no prejudicial error, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.     Facts

In 2006, defendant and his wife were walking along the side of a freeway interchange overpass after getting into a minor auto accident.  Defendant's wife was carrying their two-year-old daughter in her arms; she was also 22 or 23 weeks pregnant.  There was more than a 30-foot drop to the road below the overpass.  Without any warning, defendant shoved his wife toward the overpass's railing.  Caught off guard, the wife was unable to hold onto the toddler, who plummeted over the railing.  Defendant pushed his wife a second time, and she tumbled over the railing to the road far below.  The wife and daughter were injured, but survived.  The fetus died.  (*People v. Badillo* (Sept. 29, 2009) B205547 [nonpub. opn.], at pp. 3-7.)

### II.    Procedural Background

#### A.      *Underlying conviction, sentence, and appeal*

The People charged defendant with (1) the murder of the fetus (§ 187, subd. (a)), (2) the attempted premeditated murder of his wife (§§ 664, 187, subd. (a)), (3) the attempted murder of his

---

1      All further statutory references are to the Penal Code unless otherwise indicated.

daughter (§ 187, subd. (a)), and (4) child abuse (§ 273a, subd. (a)). The People further alleged the defendant personally inflicted great bodily injury on his wife and daughter.  (§ 12022.7, subd. (d)).

The matter went to trial.  On the murder count, the jury was instructed that it could convict only if defendant acted with "malice aforethought," which meant the intent to kill ("express malice") or with consciousness disregard of how his actions are dangerous to life ("implied malice").  Because defendant acted alone, the jury was not instructed on the theories of felony murder (that is, a killing committed by someone else when a defendant and that person are committing a felony together) or natural and probable consequences (that is, a killing committed by someone else when a defendant is aiding and abetting some lesser crime).  The jury convicted defendant of all charges and found true all allegations.  The trial court sentenced defendant to two life sentences (for the second degree murder of the fetus and the attempted premeditated murder of his wife), plus 12 years (for the attempted murder of his daughter), but stayed the four-year child abuse sentence under section 654.  On appeal, we affirmed defendant's convictions but remanded so that the trial court could impose a minimum sentence of 15 years to life for the second degree murder of the fetus.

## B.    *Petition for resentencing*

In April 2020, defendant filed a form petition to vacate his second degree murder conviction under section 1170.95.[2]

---

[2]    Defendant did not seek resentencing on the attempted murder counts.  Thus, the recent enactment of Senate Bill No. 775 extending relief under section 1170.95 to the crime of attempted murder has no bearing on this appeal.

Without appointing counsel, the trial court summarily denied defendant's petition, reasoning that the "undisputed facts" showed that defendant was not entitled to "relief as a matter of law" because he was "the actual killer and was convicted of murder on a theory of being the direct perpetrator[,] and not on a theory of felony murder or a theory of natural and probable consequences."

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying his section 1170.95 petition. Because our consideration of this argument involves questions of law and the application of that law to undisputed facts, our review is de novo. (*Tsasu LLC v. U.S Bank Trust, N.A.* (2021) 62 Cal.App.5th 704, 715.)

A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder[ or] murder under the natural and probable consequences doctrine," (2) he "was convicted of murder," and (3) he "could not presently be convicted of murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(g).)

4

As a threshold matter, we conclude that the trial court erred in summarily denying defendant's petition. In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), our Supreme Court held that if a defendant files a facially compliant petition and requests the appointment of counsel, the trial court must appoint counsel and entertain further briefing regardless of whether the record of conviction unequivocally demonstrates that the defendant is not entitled to relief. (*Id.* at p. 964.) Here, defendant's petition was facially compliant and he requested counsel. Thus, *Lewis* dictates the conclusion that the trial court erred in summarily denying defendant's petition.

However, this finding of error is the first step, not the last. That is because *Lewis* went on to hold that an error in summarily denying a section 1170.95 petition is harmless unless the defendant can show ""it is reasonably probable that if [he or she] had been afforded assistance of counsel [and briefing] his [or her] petition would not have been summarily denied without an evidentiary hearing."" (*Lewis*, *supra*, 11 Cal.5th at p. 974.)

We conclude that defendant was not prejudiced by the summary denial in this case because the record forecloses defendant's entitlement to relief under section 1170.95 as a matter of law, such that the appointment of counsel and further briefing from that counsel would not have mattered. In assessing whether a defendant seeking relief under section 1170.95 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask "'whether the petitioner would be entitled to relief if [those] allegations were proved.'" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "'However, if the record, including the court's own documents [from the record of conviction] "contain[s] facts refuting the

5

allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.""" (*Ibid.*)

Defendant has not made the requisite prima facie showing of entitlement to relief under section 1170.95. This is true for two reasons. First, the record establishes as a matter of law that defendant was the actual killer. Defendant acted alone, so the jury's guilty verdict necessarily constitutes a finding that *he* committed the murder. Along the same lines, because the jury was never instructed on a natural and probable consequences theory or felony-murder theory, his murder conviction could not rest on either theory of vicarious liability; instead, the instructions only permitted the jury to convict based on defendant's *personal* culpability. Second, the record establishes as a matter of law that defendant acted while personally harboring the necessary *mens rea*. Because the jury could convict defendant of murder only if it found that he personally acted with express or implied malice, its guilty verdict necessarily encompasses such a finding of personally harbored malice.

Defendant offers two reasons why he was prejudiced by the trial court's summary denial of his section 1170.95 petition.

First, he argues that the trial court's denial of relief is infected with legally invalid reasoning because, at one point, the court reasoned that defendant was not entitled to relief because *we*—in our prior appellate opinion—had found "sufficient evidence to convict [defendant]" of murder. Although the existence of sufficient evidence to support a murder conviction does not foreclose relief under section 1170.95 as a matter of law (see, e.g., *People v. Harris* (2021) 60 Cal.App.5th 939, 958, review granted April 28, 2021, S267802), any misstep in reasoning by

6

the trial court in this case is of no concern because the trial court's *ruling* is nevertheless correct for the reasons we set forth above (and which the trial court also cited).  (*Diaz v. Grill Concepts Services, Inc.* (2018) 23 Cal.App.5th 859, 874 ["Because we review the trial court's ruling and not its reasoning [citation], any missteps in its reasoning are irrelevant."].)

Second, defendant argues that we should hold this appeal to await the outcome of our Supreme Court's review in *People v. Strong* (Dec. 18, 2020, C091162) (nonpub. opn.), review granted March 10, 2021, S266606.  *Strong* has no effect on our reasoning. The issue in *Strong* is whether a murder conviction resting on a natural and probable consequences theory (for which section 1170.95 relief is potentially available) is nevertheless ineligible for relief under section 1170.95 relief as a matter of law due to a jury's finding of the special circumstance that the defendant acted with implied malice that was made *before* our Supreme Court tightened appellate review of that special circumstance in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.  Because, in this case, defendant's jury was never presented with a theory of liability affected by section 1170.95, this case presents no issue of whether a jury finding can foreclose relief under such a theory.  Hence, *Strong* is irrelevant.

## DISPOSITION

We affirm the order denying relief under section 1170.95.
<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

8